# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL MEADOR, | Case No. ED CV 20-829 JVS (MRW) |
|---|---|
| Petitioner, | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The Court dismisses this habeas corpus action without prejudice for lack of jurisdiction over Petitioner's request for resentencing.

\* \* \*

1. Petitioner Meador is an inmate at the federal prison in Victorville. In April 2020, he filed a habeas corpus petition under 28 U.S.C. § 2241 in this judicial district – the Central District of California – seeking reconsideration of his prison sentence. Petitioner acknowledged that he is serving a life term for a series of drug, weapon, and money

laundering offenses that "evolve[d] from a felony murder" case. (Petition at 4-5.)

2. The basis for Petitioner's resentencing request is the First Step Act of 2018. That statute [P.L. 115-391 (2018)] modifies statutory and sentencing guideline provisions regarding certain federal drug and violent crime offenses. Petitioner specifically sought relief under Section 404 of the Act. (Docket # 1 at 8.) That provision states that the federal court "that imposed a sentence for a covered offense may, on motion of the defendant[,] impose a reduced sentence" in certain specified circumstances.[1]

3. Petitioner's habeas petition has no information about the location of the federal court in which Petitioner was convicted or the basis for his First Step Act resentencing request. However, a review of the Central District of California's docket shows that this Court was not the district of conviction.

4. Shortly after commencement of the action, Magistrate Judge Wilner ordered Petitioner to submit a supplemental statement regarding his petition. Judge Wilner's screening order directed Petitioner to explain why he is entitled to pursue relief of his original criminal conviction under Section 2241 in this district (the district of incarceration) rather than by motion in the district in which he was tried, convicted, and sentenced. (Docket # 3.)

5. Petitioner failed to file a timely reply. In July 2020, Judge Wilner issued an order to show cause re: dismissal of the action. (Docket # 4.) Prison officials returned the order as undeliverable. (Docket

---

[1] The petition makes clear that Petitioner does not seek compassionate release from prison for age, health, or coronavirus-related reasons.

# 6.) (The original screening order and other court documents were not returned to the Court.)

6. Judge Wilner issued a revised OSC in August 2020. (Docket # 7.) Petitioner filed a brief response stating that he had not received correspondence from the Court. (Docket # 8.) Judge Wilner vacated the OSC and gave Petitioner a new October deadline to respond to the original defect with his petition. (Docket # 9.) Petitioner failed to respond to that order.

7. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

8. Section 404(b) of the First Step Act – the statute under which Petitioner seeks resentencing – expressly limits such a proceeding to "a court that imposed a sentence for a covered offense." (emphasis added.) A court other than the one that originally sentenced a defendant does not have jurisdiction under the statute to consider a motion for resentencing. Reid v. Lake, 2019 WL 4045689 at *2 (E.D. Cal. 2019) ("whether section 404 of the First Step Act is applicable and entitles Petitioner to a reduced sentence is a question to be resolved by the court that imposed Petitioner's sentence [District of South Carolina] rather than this Court [Eastern District of California (district of incarceration)]"); see also United

1  States v. Kelley, 962 F.3d 470, 474 (9th Cir. 2020) (affirming sentencing
2  court's limited resentencing following First Step Act motion).
3      9.   Petitioner Meador's original petition / application to this Court
4  did not establish that the district court for the Central District of
5  California was the location in which he was convicted or sentenced.
6  Further, the Court's electronic docket shows no record of a criminal
7  conviction in this district. On its face, then, the petition does not
8  demonstrate that this Court has jurisdiction over Petitioner's request for
9  resentencing. L.R. 72-3.2.
10     10.  The Court recognizes that Petitioner may have had difficulty
11 receiving and responding to previous orders in this action. The assigned
12 magistrate judge extended the deadlines by which Petitioner could respond
13 to those inquiries so that Petitioner could provide basic information about
14 his criminal case. Even with those extensions, though, Petitioner failed to
15 do so. Because of this, the Court dismisses the action without prejudice
16 ///
17 ///
18 ///

based on the contents of the petition (rather than for failure to prosecute under Rule 41).[2]

IT IS SO ORDERED.

Dated: November 12, 2020

HON. JAMES V. SELNA
SENIOR U.S. DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court is unable to transfer Petitioner's resentencing request to another judicial district; Petitioner hasn't disclosed which one handled his original conviction.

5